UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:02-cr-116-3-JD-APR |
| | ) | 3:16-cv-427-JD |
| EDWARD JOHNSON | ) | |

## OPINION AND ORDER

This matter is before the Court on Edward Johnson's Motion to Vacate under 28 U.S.C. § 2255 [DE 958]. The Petitioner argues that he was sentenced pursuant to a residual clause in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons stated below, the motion to vacate is DENIED.

## I.  BACKGROUND

On November 20, 2003, the Petitioner pleaded guilty to two counts of bank robbery that resulted in death. *See* Plea Agreement, p. 3, DE 259. The statutory punishment was either life in prison or the death penalty. *See* 18 U.S.C. § 2113(e). In exchange for his plea of guilt, the Government agreed not to seek the death penalty. *See* Plea Agreement at 5. On December 21, 2004, the probation office prepared a presentence investigation report (PSR). Pursuant to U.S.S.G. § 4A1.1(a), the probation office determined that the Petitioner had a criminal history score of 9. *See* PSR ¶ 83. This included the Petitioner's state convictions for robbery, burglary, receiving stolen property, and illegally carrying a handgun. *Id.* ¶¶ 70, 79, 81. The Petitioner's total offense level was 45. *Id.* ¶ 65. The guideline range for the Petitioner was life in prison. *Id.* ¶ 111.

On January 3, 2005, the Government filed a substantial assistance motion pursuant to U.S.S.G. § 5K1.1. *See* Sealed Motion, DE 745. On January 14, 2005, the Court conducted a sentencing hearing. *See* DE 756. The Court granted the Government's substantial assistance

motion. *Id.* Based upon this, the Court sentenced the Petitioner to 40 years imprisonment on each count and ordered the sentences to run concurrently. *Id*. The Seventh Circuit affirmed the Petitioner's conviction and sentence. *See United States v. Johnson*, 139 F. App'x 755, 756 (7th Cir. 2005).

On June 29, 2016, the Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255 [DE 958]. The Petitioner argues that his sentence was enhanced under the residual clause of the Armed Career Criminal Act, which the Supreme Court held was unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). In response, the Government argues that *Johnson* has no application in this case because the Petitioner was not sentenced under the residual clause of the Armed Career Criminal Act. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* 18 U.S.C. § 2113(e).

## II. STANDARD OF REVIEW

28 U.S.C. § 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

### III.  DISCUSSION

The Petitioner argues that his sentence was enhanced under the residual clause of the Armed Career Criminal Act, which the Supreme Court held was unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). In response, the Government argues that *Johnson* has no application in this case because the Petitioner was not sentenced under the residual clause of the Armed Career Criminal Act. Rather, the Petitioner was sentenced for two counts of bank robbery that resulted in death. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* 18 U.S.C. § 2113(e). The Court agrees with the Government.

"Subsection 924(e), called the Armed Career Criminal Act, requires longer sentences for persons convicted of three or more violent felonies or serious drug offenses." *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). In relevant part, the statute provides as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*;

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The emphasized portion of the statute is known as the residual clause. *United States v. Vivas-Ceja*, 808 F.3d 719, 721 (7th Cir. 2015). In *Johnson*, 135 S. Ct. at 2257, the Supreme Court concluded that the residual clause was unconstitutionally vague. Relying upon *Johnson*,

3

the Petitioner argues that he was improperly sentenced pursuant to the residual clause of the Armed Career Criminal Act.

However, the Petitioner's reliance upon *Johnson* is misplaced. Specifically, the Petitioner was sentenced pursuant to 18 U.S.C. § 2113(e) for two counts of bank robbery that resulted in death. In relevant part, this statute provides as follows:

> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, *or if death results shall be punished by death or life imprisonment*.

18 U.S.C. § 2113(e) (emphasis added). Put simply, the Petitioner was not sentenced under the Armed Career Criminal Act. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii), *with* 18 U.S.C. § 2113(e). Further, as seen above, 18 U.S.C. § 2113(e) does not contain any sort of residual clause that is comparable to the Armed Career Criminal Act. Finally, the Petitioner was not classified as a career offender under the residual clause of U.S.S.G. § 4B1.1. Instead, the PSR used the Petitioner's prior convictions to calculate his criminal history score under U.S.S.G. § 4A1.1(a).[1] *See* PSR ¶ 83. Therefore, *Johnson* has no bearing on the facts of this case. Accordingly, the Petitioner's argument is rejected on the merits.

## IV.  CERTIFICATE OF APPEALABILITY

The Court declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing standard is met if the

---

[1] It appears that the use of his prior state convictions to calculate his criminal history score under U.S.S.G. § 4A1.1(a) is what caused the Petitioner to believe that he was sentenced under a residual clause.

4

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated above, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to proceed further.

However, the Court advises the Petitioner that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If the Petitioner wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

## V.  CONCLUSION

For the reasons stated above, Edward Johnson's Motion to Vacate under 28 U.S.C. § 2255 [DE 958] is DENIED. The Court DENIES the issuance of a certificate of appealability. The Clerk of Court is DIRECTED to enter judgment accordingly. Finally, the Clerk of Court is DIRECTED to file Edward Johnson's Presentence Investigative Report under seal.

SO ORDERED.

ENTERED: July 17, 2020

    /s/ JON E. DEGUILIO
Chief Judge
United States District Court